## WILSON v. WINCHESTER.[1]

*(District Court, E. D. New York. October 22, 1886.)*

SALVAGE—FIRE—SCHOONER AT PIER—HAULED INTO STREAM—AWARD—ADDITIONAL COSTS.

A fire broke out in oil-works not far from the pier where the respondent's steam-schooner lay loaded with case-oil. Libelant's tug took hold of her, and drew her out into the stream. *Held,* that the service was a salvage service, for which libelant should recover $200, besides $25 added to his taxable costs.

In Admiralty.

*Alexander & Ash,* for libelant.

*Benedict, Taft & Benedict,* for respondents.

BENEDICT, J. The service rendered by the libelant was clearly a salvage service, entitled to be compensated as such. The bill of $200, presented by the libelant for his services, was, in my opinion, a reasonable bill, under the circumstances, and should have been paid. I award the libelant, therefore, that sum as his salvage reward. For that sum, together with his costs, he may have a decree, and I add $25 to the taxable costs, in order to reduce by so much the libelant's expenses of the litigation made necessary by the defendants' refusal to pay the libelant's reasonable bill.

---

## THE SWALLOW.[2]

## ALLEN and another v. SEVEN HUNDRED AND EIGHTY-FIVE TONS OF COAL.

*(Circuit Court, E. D. New York. June 17, 1886.)*

DEMURRAGE—DESIGNATION OF WHARF—IMPROPER PLACE.

The decision of the district court in the same case (27 Fed. Rep. 316) affirmed.

Admiralty Appeal.

*Wilcox, Adams & Macklin,* for appellee, Mary E. Allen.

*Souther & Steadman,* for appellants.

BLATCHFORD, Justice. I have reached, in this case, the same conclusions with the district judge, and for the reasons set forth by him. 27 Fed. Rep. 316. A decree will be entered to the same purport as that made by the district court on the fifth of April, 1886, with costs to the libelants in this court.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.
[2] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.